# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JOSEPH L. RAINEY, )
)
    Petitioner, )
)
v. ) Case No. 13-3225-CV-S-JFM
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

## REPORT AND RECOMMENDATION

    Petitioner, an inmate confined in the United States Penitentiary Allenwood (USP-Allenwood) in White Deer, Pennsylvania, petitions this Court for a writ of habeas corpus challenging his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because the petitioner's claims are without merit, it will be recommended that he be denied leave to proceed *in forma pauperis,* and the petition be **DISMISSED.**

### BACKGROUND

    In June 2007 a jury found Petitioner Joseph L. Rainey guilty of conspiracy to distribute 50 grams or more of cocaine base, distribution of cocaine, and possession with intent to distribute cocaine base. *See United States v. Rainey*, 06-cr-3079-DW (W.D. Mo. judgment entered December 6, 2007). The district court sentenced him to life imprisonment. The Court of Appeals for the Eighth Circuit affirmed.

    In the instant petition filed pursuant to 28 U.S.C. § 2241, Rainey challenges the district court's denial of his request for sentence reduction under the crack-cocaine amendments to the sentencing guidelines (Doc. 1). Specifically, he argues that the district court improperly denied the sentence reduction on the basis that he was a "career offender" under the guidelines, but he was not found to be a "career offender" at the original sentencing. In response to the Court's order to show cause, the respondent argues that this court lacks jurisdiction to hear the petitioner's challenge to his sentence because it is an improper second or successive motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (Doc. 7). Counsel for the petitioner has also filed a motion to withdraw as attorney, conceding that the petition is an improperly-filed section 2255 motion (Doc. 8).

## DISCUSSION

An inmate in federal custody may challenge the constitutionality of a federal conviction or sentence by filing a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, in the sentencing court. Collateral challenges may not be raised in a petition for writ of habeas corpus brought under 28 U.S.C. § 2241 unless the petitioner can show that section 2255 is inadequate or ineffective to test the legality of his detention. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Winston v. Mustain*, 562 F.2d 565, 567 (8th Cir. 1977). The petitioner bears the burden of demonstrating the inadequacy or ineffectiveness of section 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). It is well settled that a section 2255 motion is not inadequate or ineffective because a defendant has already sought and been denied relief, or because a defendant would be denied permission to file a 2255 motion as second or successive. *Lurie*, 207 F.3d at 1077 (citations omitted).

The petitioner has not met his burden to show that section 2255 is inadequate or ineffective to challenge the legality of his detention. The government represents that Rainey has filed multiple challenges to his conviction under both sections 2255 and 2241. Rainey does not contest this assertion. Furthermore, Rainey makes no showing that 2255 is inadequate or ineffective to test the legality of his detention. Absent such a showing, this Court lacks jurisdiction to hear his claims for relief in the pending section 2241 petition.

Moreover, even if Rainey's claim was redressable in a petition for writ of habeas corpus, it is not redressable in *this* court. A habeas corpus petition may be filed only in the district where the petitioner is confined, and only against the warden or custodian of the facility in which the petitioner is confined. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434, 442-43 (2004). Rainey is currently incarcerated in USP-Allenwood. Thus, he would have to file a petition for writ of habeas corpus under section 2241 in the Middle District of Pennsylvania, and the only proper respondent would be the warden of that facility. Because this is not the proper district and the Court has no jurisdiction over the warden of USP-Allenwood, the undersigned therefore recommends that the petition for writ of habeas corpus be dismissed for lack of jurisdiction.

Consequently, because the undersigned finds no issues presented which are entitled to habeas corpus relief, the Motion to Withdraw as Attorney filed by counsel for the petitioner is **GRANTED**.

## CONCLUSION

Therefore, based on all the foregoing,

**IT IS HEREBY RECOMMENDED** that the petitioner be denied leave to proceed *in forma pauperis* and that the petition for writ of habeas corpus be **DISMISSED without prejudice**.[1]

Dated this 14th day of February, 2014, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge

---

[1] Pursuant to Local Rule 74.1, the petitioner has fourteen (14) days within which to file written objections to the Report and Recommendations of the United States Magistrate Judge.